**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 17, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MARK ANTHONY TROUTT,

Plaintiff-Appellant,

v.

JUSTIN JONES, Director; RICHARD
KIRBY, Former General Counsel;
SCOTT CROW, Assistant Director;
DENNIS COTNER, Medical Director,

Defendants-Appellees.

No. 10-6111
(D.C. No. 5:08-CV-01376-C)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY** and **BALDOCK**, Circuit Judges, **BRORBY**, Senior
Circuit Judge.

Plaintiff Mark Anthony Troutt is a prisoner committed to the custody of the

Oklahoma Department of Corrections (ODOC). At the time relevant to the merits

of this matter, he was housed at the Cimarron Correctional Facility (CCF).

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Appearing pro se, he appeals the district court's order dismissing his civil rights action without prejudice for failure to exhaust administrative remedies regarding the imposition of a grievance restriction. Affording Troutt's pro se filings the liberal construction they are due, *see Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008), we dismiss this appeal because Troutt's claim does not satisfy the Case or Controversy requirement of Article III of the United States Constitution.

## I. Background

In August and September 2006, Troutt submitted three Requests to Staff (RTS) at CCF regarding his medical care, the confiscation of a pair of tennis shoes, and his right to have an extra blanket for medical purposes. An RTS is an informal step that precedes the two formal steps in the ODOC grievance process, which are filing a grievance with the reviewing authority and filing an appeal with the appropriate administrative review authority. *See* Supp. R. at 178-84, ODOC Operations Memorandum (OP) OP-090124 §§ IV., V., and VII. After receiving the staff responses, Troutt sent a letter to defendant Scott Crow, Assistant Director of ODOC's Investigations Division, along with the three RTSs and the staff responses. Troutt asked Crow to review the responses and commence a criminal investigation of the responding staff members. Troutt apparently sent a copy of his letter and supporting materials to defendant Justin Jones, Director of the ODOC.

Crow forwarded Troutt's correspondence to defendant Dennis Cotner, who is the Medical Services Administrator at CCF and the administrative review authority to whom appeals are taken in the formal grievance process. Cotner returned the correspondence to Troutt, explaining that the concerns expressed in his letter to Crow should have been raised in a formal grievance, and therefore the letter constituted abuse or misuse of the grievance process. *See* Supp. R. at 171 ("I am returning your original correspondence to you unanswered for the following reason(s): . . . (a) Failed to bring complaint(s) via formal grievance (i.e., letter used to address concerns). (b) Refer to your grievance restriction-warning letter dated June 21, 2006.") (underlining omitted).

Based on this abuse of the grievance process, Cotner imposed a twelve-month grievance restriction on Troutt. *See id.* A grievance restriction requires an inmate to "submit a duly verified affidavit, made under penalty of discipline for lying to staff, attached to the grievance stating that all contents of the grievance are true and correct to the best of the inmate's/offender's knowledge and belief." *Id.* at 186 (ODOC Operations Memorandum (OP) OP-090124 § IX.B.2.a.). The affidavit must "also contain a list . . . of all grievances previously submitted by the inmate/offender within the last 12 months." *Id.* An inmate's submission is then reviewed, and the grievance is permitted to proceed if it meets these guidelines. *See id.* at 186-87 (OP-090124 § IX.B.2.b.-d.).

-3-

Troutt did not pursue any administrative remedies regarding the grievance restriction, but he did file an action in Oklahoma state court. The dismissal of that case for failure to exhaust administrative remedies was affirmed on appeal.

Next, Troutt filed this action under 42 U.S.C. § 1983. The controlling pleading in this case is an amended complaint filed August 7, 2009, in which Troutt claimed that his placement on grievance restriction was in retaliation for his request for a criminal investigation of CCF staff and therefore violated a variety of his constitutional rights. Troutt alleged that the grievance restriction was unjustified because his request for the criminal investigation was outside the scope of the grievance system. He claimed Cotner imposed the grievance restriction with the knowledge and approval of the other three defendants. Troutt sought damages, declaratory relief, and injunctive relief.[1]

Defendants filed a combined motion to dismiss and motion for summary judgment grounded in a number of theories, including that Troutt's action should be dismissed for failure to exhaust administrative remedies in accordance with a provision of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a),[2] an issue,

---

[1]     Troutt's request for declaratory and injunctive relief appears to be limited to a declaration and injunction prohibiting defendants from retaliating against him for filing this action. *See* Supp. R. at 164.

[2]     In full, 42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

defendants claimed, that was subject to the preclusive effect of the Oklahoma state court dismissal.

A magistrate judge issued a report and recommendation that the motion be denied in part and granted in part. As to exhaustion, the magistrate judge found that defendants had not met their burden of proof and recommended the motion be denied in that regard. Defendants filed objections to the recommendation. Several days later, having discovered that a document was omitted from the report they previously had submitted to the court under *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), defendants moved to file a supplemental *Martinez* report. The omitted document was an affidavit from the manager of ODOC's Administrative Review Unit stating that the administrative review authority had not received any grievance or other correspondence from Troutt regarding the grievance restriction. This was the first instance that exhaustion regarding the grievance restriction was raised in the district court; previously, the focus of the exhaustion issue was on whether Troutt was required to exhaust with regard to the RTSs, which also had been the sole focus in the Oklahoma courts. Troutt later filed his own objections but never addressed the statements in the affidavit regarding exhaustion as to the grievance restriction. The district court granted the motion to file the supplemental *Martinez* report. Based on the supplemental report, the district court rejected the magistrate judge's recommendation, granted defendants'

motion, and dismissed the case without prejudice for failure to exhaust administrative remedies regarding the grievance restriction. Troutt appeals.

## II. Discussion

The district court granted Troutt an extension of time to file his notice of appeal until May 4, 2010, but Troutt's notice of appeal was not filed in the district court until May 6, 2010. It lacked any indication that it was timely filed under the prison mailbox rule, which provides that a notice of appeal "is timely if it is deposited in the institution's internal mail system on or before the last day for filing." Fed. R. App. P. 4(c)(1). We therefore ordered the parties to submit jurisdictional briefs on whether the notice was timely under the prison mailbox rule. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007) ("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement."). They have done so, and we appreciate their efforts. But after reviewing the case in full, we have discovered a constitutional impediment to federal-court jurisdiction—the lack of standing under the case-or-controversy requirement of Article III of the United States Constitution. We have "leeway 'to chose among threshold grounds for denying audience to a case on the merits.'" *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999)). And we can raise the issue of standing for the first time on appeal *sua sponte*. *New England Health Care Emps. Pension Fund*

*v. Woodruff*, 512 F.3d 1283, 1288 (10th Cir. 2008).  Therefore, we need not determine whether Troutt's notice of appeal was timely.

One of the "the most basic doctrinal principles" is that "Article III, § 2 of the Constitution restricts the federal 'judicial Power' to the resolution of 'Cases' and 'Controversies.'" *Sprint Commc'ns Co. v. APCC Servs., Inc.*, 554 U.S. 269, 273 (2008) (quoting U.S. Const. art. III, § 2).  The "case-or-controversy requirement is satisfied only where a plaintiff has standing." *Id.*  And to establish Article III standing, a plaintiff must satisfy a three-part test, showing that (1) he "suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical"; (2) the injury is "fairly traceable to the challenged action of the defendant"; and (3) it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (citations, internal quotation marks, alterations, and footnote omitted).

"Standing must be analyzed from the facts as they existed at the time the complaint was filed." *Tandy v. City of Wichita*, 380 F.3d 1277, 1284 (10th Cir. 2004).  To establish standing for "prospective relief, [a] plaintiff must be suffering a continuing injury or be under a real and immediate threat of being injured in the future." *Id.* at 1283.  For retrospective relief, a plaintiff must show he "suffered a past injury that is concrete and particularized." *Id.* at 1284.  At the

pleading stage,[3] courts "presume that general allegations embrace those specific facts that are necessary to support the claim," and "general factual allegations of injury resulting from the defendant's conduct may suffice." *Defenders of Wildlife*, 504 U.S. at 561 (alteration and internal quotation marks omitted) However, a court conducting a constitutional standing inquiry is "not bound by conclusory allegations." *Hackford v. Babbitt*, 14 F.3d 1457, 1465 (10th Cir. 1994).

Here, Troutt did not provide sufficient allegations of an injury in fact in his complaint. The allegations in his fourth amended complaint are too general for this court to presume they embrace specific facts sufficient to show an injury in fact. In that complaint, Troutt contended that it was wrong for Cotner to impose the grievance restriction because he did not abuse the grievance process, but his sole allegation of injury was that "he could not access the administrative remedies procedures . . . in that he had to clear and jump barriers and hurdles of a grievant which had 'abused' the process, and supply a[n] affidavit for purposes of access." Supp. R. at 155. This allegation is wholly conclusory with regard to harm. Troutt described no specific instance in which the restriction prevented or

---

[3]    Although this case proceeded beyond the pleadings, Article III standing was not litigated in the district court. Thus, we review whether Troutt established standing under the standards applicable at the pleading stage. *Compare Tandy*, 380 F.3d at 1284 (stating that "[e]ach element of standing must be supported with the manner and degree of evidence required at the pertinent, successive stages of the litigation" and directing that "at the summary judgment stage, the elements of standing must be set forth, through specific facts, by affidavit or other evidence").

impeded his ability to file a grievance. Nor did he show that he faced a realistic threat from the grievance restriction, which again does not prohibit grievances but merely requires an inmate to submit an affidavit compliant with ODOC policy before his grievance will be permitted to proceed. Absent some showing of a concrete, particularized, and actual or imminent invasion of a legally protected interest stemming from the grievance restriction, Troutt has not established a case or controversy within the meaning of Article III, § 2.

For the foregoing reasons, we dismiss this appeal for lack of a present Article III case or controversy. Troutt's "Pro Se Objections to Ex Parte Orders" is denied as moot. Troutt's application to proceed *in forma pauperis* on appeal is granted, and he is reminded of his obligation to continue making partial payments until the filing fee is paid in full.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

-9-